UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DERRICK BUTLER,

    Defendant.

Case No. 10-20556

HONORABLE STEPHEN J. MURPHY, III

**ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS** (docket no. 26)

Before the Court is Defendant Derrick Butler's motion to suppress evidence seized from his residence during the execution of a federal search warrant. Butler contends that there was insufficient probable cause established in the affidavit supporting the search warrant, and, accordingly, that the evidence found pursuant to the search warrant should be suppressed. Butler moves for a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978). For the following reasons, the Court will deny the motion.

**BACKGROUND**

The United States Secret Service ("Secret Service") received information from informant Kari Benson, the mother of Butler's child, suggesting that Butler was engaged in currency counterfeiting. While Benson was staying at Butler's residence, she said she found a sizable amount of money that Benson admitted was counterfeit. Moreover, Benson told Secret Service Special Agent Nathaniel Guyear that she later found printed money, a three-in-one printer/scanner/copier, and a paper cutting board in the basement of Butler's residence. Benson provided a video recording of the money to the Secret Service, along with a picture of the safe where Butler told Benson that he kept the money. Additionally,

Benson told Agent Guyear that Butler was altering paychecks using two laptops, a scanner, and a USB storage device. Benson later provided a bill she found in Butler's basement to Agent Guyear, who confirmed that the bill was counterfeit. A serial-number search on the counterfeit bill indicated that the bill had been passed ten times. Before requesting a warrant to search Butler's home, Agent Guyear confirmed with Benson that the counterfeit money and supplies were still located on the premises.

A magistrate judge issued a search warrant based on an affidavit containing the information listed above, and members of the Secret Service thereafter executed the search warrant at Butler's residence. Officials found the following items: one plastic bag containing counterfeit currency scraps, one box of fine linen paper, 42 cut counterfeit $20 Federal Reserve Notes (bearing five different serial numbers), 100 cut counterfeit $50 Federal Reserve Notes (bearing three different serial numbers), 80 uncut sheets of $20 counterfeit Federal Reserve Notes inside a manila folder, multiple scraps of counterfeit currency, a Lexmark printer/scanner/copier, an HP printer/scanner/copier, a Compaq laptop, a data stick USB thumb drive, a Samsung 2GB micro SD, and a scan disk micro SD adapter.

Butler was indicted and is charged with one count of Counterfeiting and Forging Obligations or Securities of the United States, in violation of 18 U.S.C. § 471. Now before the Court is Butler's motion to suppress the evidence found in his residence during execution of the search warrant.

## ANALYSIS

### A. *Franks* Hearing

Butler argues that the affidavit supporting the search warrant is lacking pertinent

information about Benson, namely information pertaining to the custody arrangement between Benson and Butler, who had primary custody of their child. Butler asserts that information regarding the custody arrangement, and the disputes between Butler and Benson about that arrangement, should have been included in the affidavit to allow the magistrate judge to fairly analyze Benson's reliability. Butler contends that the information would have impeached Benson's motives and undermined her credibility, such that it would have been unreasonable for the magistrate judge to issue a search warrant on the basis of Benson's statements. Accordingly, Butler contends that the affidavit lacked probable cause, and he seeks a *Franks* hearing to demonstrate the Secret Service agent omitted information pertaining to the custody arrangement deliberately or with "reckless disregard for the truth." *Franks*, 438 U.S. 154, 171 (1978).

To obtain a *Franks* hearing based on an omission of material from an affidavit, a defendant must "make[] a strong preliminary showing that the affiant *with an intention to mislead* excluded critical information from the affidavit, and [that] the omission is critical to the finding of probable cause." *Mays v. City of Dayton*, 134 F.3d 809, 816 (6th Cir. 1998). It is a rare occurrence that a defendant will meet this burden, *id.*, and Butler has failed to make such a showing here.

While Butler contends that he and Benson had an ongoing custody dispute, that he had full custody of their son, that there was evidence of this dispute in various court documents, and that the affiant actually knew of the custody arrangement, Butler has failed to demonstrate that the affiant's omission of the information was an attempt to mislead the magistrate judge. First, while the affidavit did not specifically address the custody arrangement or dispute, the affidavit contains information eluding to a custody

3

arrangement, noting that "Benson and Butler have a child together and Benson has been visiting Butler and their child every weekend at Butler's residence." Mot. to Suppress ex. 1 at 2-3. Moreover, although information about the custody dispute may have been publicly available, there is no precedent to suggest that a law enforcement officer must run a separate investigation of an informant to find potentially exculpatory information about a defendant's suspected criminal activity. *Id.* ("Because the consequences of arrest or search are less severe and easier to remedy than the consequences of an adverse criminal verdict, a duty to disclose potentially exculpatory information appropriate in the setting of a trial to protect the due process rights of the accused is less compelling in the context of an application for a warrant."). Accordingly, because Butler has failed to make a strong preliminary showing that the affiant in this case intended to mislead the magistrate judge, Butler has not demonstrated the need for a *Franks* hearing.

 B. Motion to Suppress

When making a probable cause determination, courts look to the "totality of the circumstances." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). A magistrate judge evaluating whether to issue a search warrant is to consider many factors, "including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, [and whether] there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Id.*

Butler argues that although Benson was identified in the affidavit, the affiant failed to establish her reliability as an informant. Butler suggests that because of Benson's unknown reliability, the affiant should have treated information supplied by Benson as if it had come from a confidential informant and, accordingly, provided independent corroboration.

The Sixth Circuit has addressed factually-similar cases in which an identified

4

individual of unknown reliability provided information to law enforcement. *See United States v. Miller*, 314 F.3d 265 (6th Cir. 2002); *United States v. Pelham*, 801 F.2d 875 (6th Cir. 1986). In *Pelham*, the Sixth Circuit set forth the controlling principle that "[w]hen a witness has seen evidence in a specific location in the immediate past, and is willing to be named in the affidavit, the totality of the circumstances presents a substantial basis for conducting a search of that evidence." *Pelham*, 801 F.2d at 878 (internal citation and quotation marks omitted). Subsequent applications of *Pelham's* principles have emphasized the importance of an informant having personally observed direct – not merely circumstantial – evidence of criminal activity. *See United States v. Williams*, No. 10-20309, 2011 WL 893085, at *4 ("It is not clear if merely being identified, or identifiable, as opposed to being an anonymous tipster, means anything in the absence of *firsthand* information." (emphasis added)); *United States v. Robbins*, No. 05-32, 2006 WL 2323315, at *17 (E.D. Tenn. Aug. 9, 2006) (finding that warrant lacked probable cause because informant had not personally observed criminal contraband at residence).

Although Butler is rightfully concerned about harm stemming from the use of uncorroborated allegations to justify the invasion of privacy inherent in the execution of a search warrant, the Sixth Circuit has been careful to establish guidance to curb such abuse. Specifically, the court has noted that a presumption of reliability for identified informants would be unlikely to lead to the sort of abuse addressed here because if an identified individual knowingly provided false information to state or local law enforcement, he or she would face state criminal liability for making a false report to officers.[1] *Miller*, 314 F.3d at

---

[1]Mich. Comp. Laws § 740.411a(1)(b) provides that if a person falsely reports a felony, "the person is guilty of a felony punishable by imprisonment for not more than 4

270 (citing *Adams v. Williams*, 407 U.S. 143, 14-47 (1972)).  Here, if Benson had lied to, or otherwise misled, Secret Service agents, she would have faced possible criminal liability, including penalty for making false statements to federal agents, obstructing justice, or engaging in contempt of the federal magistrate judge evaluating the search warrant affidavit.

The affidavit at issue here set forth not only Benson's identify, but also contained information and physical evidence that Benson provided about Butler's activities.  This information established the requisite "direct evidence" that Butler was engaged in illegal activities.  Although Agent Guyear did not obtain independent corroboration of Benson's information, the fact that Benson would face criminal charges under Mich. Comp. Laws § 750.411a(1)(b) if she knowingly supplied false statements is sufficient for a presumption of reliability under the Sixth Circuit's jurisprudence in *Pelham*.  *See also Miller*, 314 F.3d at 270.

Therefore, the Court finds that the warrant to search Butler's residence was supported by adequate probable cause, and the evidence seized pursuant to the warrant is admissible.[2]

---

years or a fine of not more than $2,000.00, or both."

[2]Having determined that there was probable cause for the issuance of a search warrant, the Court need not determine whether the good-faith exception under *Unites States v. Leon*, 468 U.S. 897 (1984), applies in this case.  *See United States v. Gunter*, 551 F.3d 472, 482 (6th Cir. 2009).  Moreover, there is no evidence at all to suggest that the police officers did not act "'in objectively reasonable reliance' on the . . . search warrant." *Herring v. United States*, 555 U.S. 135, 142 (2009) (quoting *Leon*, 468 U.S. at 922).  Indeed to hold otherwise where the warrant is not "facially deficient" would require law enforcement officers to second-guess the decisions of the issuing magistrates, which directly conflicts with the deference that these decisions are traditionally afforded.  *See United States v. Allen*, 211 F.3d 970, 973 (6th Cir. 2000) (en banc).

## ORDER

**WHEREFORE** it is hereby **ORDERED** that Defendant's motion to suppress evidence (docket no. 26) is **DENIED**.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: August 3, 2011

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 3, 2011, by electronic and/or ordinary mail.

Marcia Beauchemin
Case Manager
